# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DINORA GONZALEZ,  )
parent and next friend of O.B., a minor  )
2023 4th Street, NE, #204  )
Washington, D.C. 20002  )
   )
and  )
   )  Civil Action No.
MARTIN and DELORES DEVILLE,  )
parents and next friends of A.D., a minor  )
4660 Martin Luther King Avenue, SW, #214 )
Washington, D.C. 20032  )
   )
and  )
   )
THOMAS and LATOYA DUTCH,
parents and next friends of M.D., a minor  CASE NUMBER  1:06CV00278
4348 Southern Avenue, SE, #3
Washington, D.C. 20019  JUDGE: Ellen Segal Huvelle

and  DECK TYPE: Administrative Agency Rev

   DATE STAMP: 02/14/2006
MARISOL SAGASTISADO,  )
parent and next friend of J.C.F., a minor  )
1228 11th Street, NW, #4  )
Washington, D.C. 20001  )
   )
and  )
   )
PATRICIA JONES,  )
parent and next friend of R.J., a minor  )
44-A Bates Street, NW  )
Washington, D.C. 20001  )
   )
and  )
   )
KATHERINE OUTLAW,  )
parent and next friend of A.O., a minor  )
3619 22nd Street, SE  )
Washington, D.C. 20020  )
   )

1

and )
)
ANTONIO and LORENA PHIPPS, )
parents and next friends of N.P., a minor )
4424 9th Street, NW )
Washington, D.C. 20011 )
)
and )
)
NADINE GODBOLT, )
parent and next friend of C.P., a minor )
1809 23rd Street, SE, #232B )
Washington, D.C. 20020 )
)
and )
)
JOHANNA SKRINE, )
parent and next friend of T.S., a minor )
7701 Georgia Avenue, NW, #601 )
Washington, D.C. 20012 )
)
and )
)
FARRI CHAPMEN and YVETTE YOUNG,)
parents and next friends of J.W., a minor )
5924 9th Street, NW, #305 )
Washington, D.C. 20011 )
)
                Plaintiffs, )
)
        v. )
)
THE DISTRICT OF COLUMBIA )
A Municipal Corporation )
One Judiciary Square )
441 Fourth Street, NW )
Washington, D.C. 20001 )
)
serve: )
)
ANTHONY L. WILLIAMS, Mayor )
District of Columbia )
1350 Pennsylvania Avenue, NW, 5th Floor )

2

Washington, D.C. 20004 )
)
serve: )
)
ROBERT SPAGNOLETTI )
Senior Corporation Counsel )
District of Columbia )
1350 Pennsylvania Avenue, NW, Suite 409 )
Washington, D.C. 20004 )
)
and )
)
CLIFFORD JANEY (officially) )
Superintendent, D.C. Public Schools )
825 North Capitol Street, NE )
Suite 9026 )
Washington, D.C. 20002 )
)
Defendants. )
_____ )

## COMPLAINT TO ENFORCE SETTLEMENT AGREEMENTS, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint To Enforce Settlement

Agreements, Injunctive, and Other Relief respectfully represents unto this Honorable

Court as follows:

## PRELIMINARY STATEMENT

1.      This is an action to enforce settlement agreements that were executed by

the parties in full settlement of claims that the Plaintiffs had against the Defendants

pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA") with

respect to special education services and benefits that the Defendants were obligated to

3

provide to the student Plaintiffs. The settlement agreements were obtained in lieu of Due
Process Hearings which the Plaintiffs had previously filed with the District of Columbia
Public Schools, Office of Student Hearings.

## JURISDICTION

2.    This Court has jurisdiction pursuant to:

a.    42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil
remedy for acts taken under color of law that subject any citizen of
the United States or person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws;

b.    The Individuals with Disabilities Education Improvement Act, 20
U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section
504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills*
decree, and pendent jurisdiction pursuant to D.C. Mun. Regs. Title
5 §§ 3000.1 - 3701.3 (2003);

c.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are  children eligible to receive special education from the
District of Columbia as defined by the IDEIA and Section 504, as well as their parents or
guardians who, at all times relevant to this action, were residents of the District of
Columbia. The parents bring this action on behalf of their children and in their own right.

4

The individual Plaintiffs are designated as follows:

a.    That at all times relevant hereto, Oscar Blanco, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA.  That on August 4, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,500.00. That on August 26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal.  That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason.  That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties'

5

Settlement Agreement. That as of the date hereof, $2,500.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 1.

      b.      That at all times relevant hereto, Aaron Deville, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on August 10, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parents for reasonable attorneys' fees and costs related to the prosecution of their claim in the sum of $2,768.44. That on August 26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through their attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties'

6

Settlement Agreement, without just cause or reason. That all times pertinent hereto, Michael Levy, Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,768.44 remains due and payable to Plaintiffs as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 2.

c.     That at all times relevant hereto, Mico Dutch, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on July 26, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parents for reasonable attorneys' fees and costs related to the prosecution of their claim in the sum of $4,000.00. That on August 26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiffs, by and through their attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of

7

attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Tiffany Puckett, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000.00 remains due and payable to Plaintiffs as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 3.

      d.      That at all times relevant hereto, Juan Carlos Fuentes, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on August 4, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $4,000.00. That on August 26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an

invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 4.

     e.     That at all times relevant hereto, Renicka Jones, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on July 27, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $4,000.00. That on August 26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely

manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Katherine Rodi, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 5.

      f.      That at all times relevant hereto, Ashlee Outlaw, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on August 1, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $1,500.00.

10

That on August 26, 2005, pursuant to the terms of the parties' Settlement Agreement,
Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS
attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in
a timely manner and consistent with the requirement of all applicable statutory
requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines
for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an
invoice for attorneys' fees is considered denied if not acknowledged within 90 days of
submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted
and the Defendant has neither acknowledged nor remitted payment of the subject invoice
for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement
Agreement, the Defendant DCPS has refused to remit payment as required by the parties'
Settlement Agreement and has failed and refused to comply with the terms of the parties'
Settlement Agreement, without just cause or reason. That all times pertinent hereto,
Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the
necessary authority to enter into and bind the Defendant DCPS to the terms of the parties'
Settlement Agreement. That as of the date hereof, $1,500.00 remains due and payable to
Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the
Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are
attached hereto as EXHIBIT 6.

      g.     That at all times relevant hereto, Natalie Phipps, a student attending a
public school of the District of Columbia ("DCPS"), has been found to be entitled to
receive special education services and benefits under IDEA and IDEIA. That July 29,

11

2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parents for reasonable attorneys' fees and costs related to the prosecution of their claim in the sum of $3,200.00. That on August 26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiffs, by and through their attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Katherine Rodi, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $3,200.00 remains due and payable to Plaintiffs as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 7.

h.      That at all times relevant hereto, Charles Pugh, a student attending a public

school of the District of Columbia ("DCPS"), has been found to be entitled to receive

special education services and benefits under IDEA and IDEIA.  That on July 27, 2005,

the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that

the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees

and costs related to the prosecution of her claim in the sum of $4,000.00.  That on August

26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and

through her attorney, submitted a certified invoice conforming to DCPS attorney fee

guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely

manner and consistent with the requirement of all applicable statutory requirements, local

and federal.  That in accordance with DCPS' "Proposed Guidelines for the Payment of

Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees

is considered denied if not acknowledged within 90 days of submission. That more than

90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has

neither acknowledged nor remitted payment of the subject invoice for reimbursement of

attorneys' fees.  That notwithstanding the parties' Settlement Agreement, the Defendant

DCPS has refused to remit payment as required by the parties' Settlement Agreement and

has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason.  That all times pertinent hereto, Rhondalyn D. Primes,

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement.  That as

of the date hereof, $4,000.00 remains due and payable to Plaintiff as reimbursement of

13

attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 8.

     i.     That at all times relevant hereto, Tyler Skrine, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on July 22, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $4,000.00. That on August 26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Aaron E. Price, Sr., Esquire,

14

attorney for DCPS, represented that he had the necessary authority to enter into and bind

the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the

date hereof, $4,000.00 remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

9.

      j.      That at all times relevant hereto, Justin Wray, a student attending a public

school of the District of Columbia ("DCPS"), has been found to be entitled to receive

special education services and benefits under IDEA and IDEIA. That on August 9, 2005,

the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that

the Defendant DCPS would reimburse the Plaintiff parents for reasonable attorneys' fees

and costs related to the prosecution of their claim in the sum of $2,919.18. That on

August 26, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiffs,

by and through their attorney, submitted a certified invoice conforming to DCPS attorney

fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely

manner and consistent with the requirement of all applicable statutory requirements, local

and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of

Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees

is considered denied if not acknowledged within 90 days of submission. That more than

90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has

neither acknowledged nor remitted payment of the subject invoice for reimbursement of

attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant

DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Michael Levy, Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,919.18 remains due and payable to Plaintiffs as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 10.

5.      The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6.      Clifford Janey is the Superintendent of the District of Columbia Public Schools System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.      On or about August 26, 2005, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

8.     That according to Defendants' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, invoices for reimbursement of reasonable attorneys' fees and costs are considered denied if not acknowledged by Defendants within 90 days of submission.

9.     That more than 90 days have passed since Plaintiffs submitted their invoices for reimbursement of reasonable attorneys' fees; therefore, these invoices are considered denied by Defendants.

10.     That Defendants have failed and or refused to reimburse Plaintiffs for the attorneys fees as per the terms of the parties' settlement agreements.

11.     That Defendants knowingly and intentionally breached the parties' settlement agreements and in so doing have acted in bad faith, all to the detriment of the Plaintiffs.

12.     That the Plaintiffs, individually and collectively, entered into the settlement agreements with the Defendants in good faith, gave valuable consideration therefor, and relied upon representations of the attorneys of the Defendant that they, individually and collectively, have full authority to execute the settlement agreement on behalf of and to bind the Defendant to the terms of the settlement agreements.

13.     That the refusal and/or failure of the Defendant to honor the terms of the parties' settlement agreements is without just cause, reason, or provocation, is capricious, is duplicitous and violates the spirit and integrity of the agreements.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.     Enter an Order enforcing the parties' settlement agreements and direct

Defendants to reimburse Plaintiffs reasonable Attorneys' Fees and Costs in the sum of

$32,887.62.

2.     Award each Plaintiff pre-judgment interest on each award.

3.     Award to Plaintiffs pursuant to 42 U.S.C. 1983 *et seq*., the attorneys' fees

and costs incurred by virtue of the instant lawsuit.

4.     Award such other relief as may be just and proper.

Respectfully Submitted,

Tilman L. Gerald, Esq.
Bar No.: 928796
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
Attorney for Plaintiffs

18