UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DINORA GONZALEZ** *et al.* : | |
| : | |
| **Plaintiffs** : | |
| : | Civil Action No. 06-278(ESH) |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA,** *et al.* : | |
| : | |
| **Defendants** : | |
| : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**

COMES NOW, the Plaintiffs, by and through their counsel, Tilman L. Gerald and James E. Brown & Associates, PLLC, and in opposition to the Defendants' Motion for Enlargement of Time to Respond to Complaint respectfully represent to this Honorable Court as follows:

In their complaint filed on February 14, 2006, Plaintiffs seek to enforce settlement agreements entered into with the Defendants in lieu of going forward with scheduled due process hearings.  The ten Plaintiffs in the case *sub judice,* without exception, have fully performed under the specific terms and provisions of the parties' settlement agreements whereas the Defendants, without explanation, have not.  In their instant motion, (which is similar to the motions the Defendants have filed in the cases to which they make reference), the Defendants have asked this Honorable Court to extend the time for the Defendants to respond to the Complaint until June 6, 2006.  As grounds for their motion, the Defendants state that recent multiple filings in this court dictate that additional time is needed because " . . . each claim must be researched by the same few legal and financial individuals at DCPS responsible for the subject matter . . . " Contrary to the

assertion that Plaintiff engaged in some tactical strategy by serving the multiple complaints upon the Defendants, there was not such strategy but rather it was fortuitous that service of process eventuated in the manner that it did.

The "same few legal and financial individuals at DCPS" are the very persons who are responsible for the failure of DCPS to comply with the settlement agreements which are the subject of this action and consequently should have a recent familiarity with this matter. Moreover, this case is not very complex. There are no complex issues presented for resolution. In fact, this case involves ten settlement agreements which were all drafted and executed by attorneys employed by DCPS. Additionally, the subject settlement agreements were all attached to the complaint to provide a quick and ready point of reference to and for the Defendants, their counsel and the "few legal and financial individuals at DCPS" who purportedly will assist their counsel. The request for a ninety (90) day extension in this matter is without question unreasonable given the absence of any complex issues in this case.

Under DCPS "Proposed Guidelines for the Payment of Attorney Fees in IDEA matters, effective February 1, 2005, an invoice is considered denied if not acknowledged within ninety (90) days. Over ninety (90) days have already elapsed since the invoices were submitted to DCPS for payment. Therefore, the fees which DCPS agreed to pay as per the settlement agreements were deemed denied under the Defendant's Guidelines. An extension of an additional ninety days for the Defendants to lodge a response would only serve to exacerbate the hardship that has already been visited upon the Plaintiffs and their attorneys by the inexplicable failure of DCPS to comply with the terms and provisions of the settlement agreements.

To be clear, the Plaintiffs are not unreasonable in this circumstance and are prepared to

consent to a reasonable extension of time in this case not to exceed thirty days. However, Plaintiffs are vehemently opposed to any extension beyond the aforementioned time. The Defendants have not presented adequate justification for the extension requested and indeed, the Defendant, by filing similar motions in the other cases, appear to have not reviewed the subject cases individually to determine which cases can be appropriately reviewed and processed by the "few legal and financial individuals at DCPS" in a more timely fashion. The Defendants have heretofore demonstrated a intolerable laxity toward performing as they promise which this Honorable Court should not countenance as well as an abject disregard for the covenants and promises contained in agreements to which they are a party. Again, this case is not at all complex nor are the relevant documents so voluminous as to justify the requested extension. Plaintiffs have been extremely prejudiced by the sheer lack of performance by the DCPS and they would be further prejudiced if the Defendants are granted an extension of time to respond to the complaint on June 6, 2006. The Defendants should not be rewarded for continuing a perverse pattern of conduct that is lavished in bad faith and which demonstrates an irreprehensible and total disregard of the rights of Plaintiffs in this and other actions currently before this Honorable Court.

    In closing, although counsel for the Defendant did speak with Plaintiff's counsel, he did so only once. He, however, did not call the undersigned prior to filing the instant motion. During the conversation that Plaintiff's counsel had with counsel for the Defendants approximately two (2) weeks ago, Defendants' counsel did not make reference to filing a motion. The foregoing conversation, therefore, cannot in any wise be construed to satisfy the requirements of LCvR7.1(m). Plaintiffs therefore respectfully request this Honorable Court to deny the Defendants Motion for Enlargement of time to Respond to Complaint in its entirety. However, Plaintiffs respectfully

requests that if this Honorable Court, in the exercise of its discretion and erudition, determines that any additional time may be warranted, that any extension granted should be limited to thirty (30) days.

Respectfully submitted,

Date: March 22, 2006

/s/
Tilman L. Gerald
James E. Brown & Associates, PLLC
Unified Bar No. 928796
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 Facsimile

***ATTORNEYS FOR PLAINTIFFS***