UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DINORA GONZALEZ, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 06-0278 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**

The Defendants, by counsel, reply herewith to the "Plaintiffs' Opposition to Defendant's Motion for Enlargement of Time to Respond to Complaint," filed today, March 22, 2006 ("Opposition").

In its enlargement motion, the Defendants noted that this action was one of a series of complaints, representing the aggregation of claims by 192 plaintiffs for IDEA attorneys' fees – claims memorialized and detailed in more than 2,800 pages of complaints and supporting documentation. Given the extraordinary volume of claims and documents which the Defendants and undersigned counsel must investigate and respond to, and in light of the Plaintiffs having chosen to present the Defendants with all such claims simultaneously, the Defendants requested that the time to respond to this complaint be extended from 20 to 90 days. The same enlargement request was made in all six actions, for the same reasons. The requested enlargement has already been granted by Judges Walton and Friedman in two of the six actions (Armstead v. District of

Columbia, Civ. No. 06-0276, and Saravia v. District of Columbia, Civ. No. 06-0275, respectively).

As a preliminary matter, the Plaintiffs disingenuously state that the simultaneity of service of all six cases was "fortuitous," not "some tactical strategy." Opposition, p. 2. In fact, five of the six complaints were filed on the same date, February 14, and the sixth on February 23; the pleadings didn't themselves decide when to appear at the Courthouse. All were served on the Mayor, hence triggering the Defendants' response deadline, on March 8; the timing of service was not the result of some identified force. The Plaintiffs consciously created the logjam which has necessitated the Defendants' enlargement request.

Further with regard to Plaintiffs' doublespeak, the Opposition concedes that "counsel for Defendant did speak with Plaintiff's counsel" two weeks ago, but also states that Defendants' counsel did not call Plaintiffs' counsel "prior to filing the instant motion." Opposition, p. 3. Whatever that means. More regrettably, it is also said that "Defendants' counsel did not make reference to filing a motion" in the earlier telephone conversation. Opposition, p. 3. That statement is simply false. Defendants' counsel's sole reason for calling Plaintiffs' counsel was to request consent to the 90 day extension now requested, and that purpose was made as clear as the English language permitted. For his part, Plaintiff's counsel responded that he would have to consult with his "client" and that he would respond back (although he never did). To suggest either that Plaintiffs' counsel didn't understand the nature and content of the call, or that somehow Defendants' counsel was obliged to repeatedly pursue Plaintiffs' counsel on the same matter, is at best disingenuous.

2

To the extent any substantive objections can be sifted from the Opposition's vituperation (e.g., Opposition, p. 3: the Defendants are "continuing a perverse pattern of conduct that is lavished in bad faith and which demonstrates an irreprehensible and total disregard of the rights of Plaintiffs in this and other actions"), the Plaintiffs suggest that the Defendants don't need the time requested since "this case is not very complex," and there's no real burden on the DCPS (and, presumably, OAG ) personnel in researching and verifying the circumstances recited in the voluminous claims and documents. Opposition, pp. 2-3. On their face, these assertions are groundless and unreasonable. As noted earlier, there are 192 different claims, supported by more than 2,800 pages of materials. Applying admittedly superficial mathematics, assuming a 5-day, 10 hours-per-day workweek, the Defendants are requesting an allowance of only 3 hours per claim for DCPS and OAG personnel to research and respond to this Court. It cannot credibly be said that such an allowance of time is unreasonable.

It should be emphasized that, notwithstanding the Opposition's hyperbole (e.g., Opposition, p. 2: an enlargement "would only serve to exacerbate the hardship that has already been visited upon the Plaintiffs and their attorneys"), there is no harm to the Plaintiffs themselves by a grant of the enlargement requested. And with respect to the Plaintiffs' counsel, the complaints request interest on the amounts claimed to be improperly withheld; should the Plaintiffs ultimately prevail, such additional compensation of counsel any undue passage of time may be considered.

\

## CONCLUSION

Plaintiffs' counsel has engineered the sudden, extraordinary demand on the Defendants and their counsel with the simultaneous filing/service of these cases. The enlargement requested is more than reasonable in light of the circumstances.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District
> of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> */s/ Edward P. Taptich*_____
> EDWARD P. TAPTICH [#012914]
> Chief, Equity Section 2
> 441 Fourth Street, N.W.
> Sixth Floor South
> Washington, D.C. 20001
> (202) 724-7334

March 22, 2006